Michael Train Caldwell, Esq. (SBN 156325)
John A. Holman, Esq. (SBN 176947)
**CALDWELL LAW FIRM**
950 Northgate Drive, Suite 204
San Rafael, CA 94903
Telephone: (415) 453-8339
Facsimile: (415) 532-1312

Attorneys for Plaintiff
DANIEL MCCARTHY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MCCARTHY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, and DOES 1-25<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR:<br><br>1. NEGLIGENCE;<br>2. NEGLIGENCE PER SE<br><br>**DEMAND FOR TRIAL BY JURY** |

### NATURE OF THE CASE

1. Plaintiff DANIEL McCARTHY ("Plaintiff") pursuant to Federal Tort Act, 28 U.S.C. §§ 2671-2680, seeks compensatory damages arising from Defendant United States of America's ("Defendant") negligence in failing to adhere to the prevailing professional standard of care which is generally recognized as acceptable and appropriate by reasonably prudent drivers of motor vehicles and failing to negligent hire and or instruct employees with motor vehicles used in the course and scope of the employment.

- 1 -

## JURISDICTION & VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States of America and is premised on the acts and omissions of the Defendant acting under color of federal law. This Court further has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b) in that this is a claim against Defendant United States of America, for money damages, accruing on or after January 1, 1945, for personal injuries caused by the negligent acts § 2671, *et. Seq.* and omissions of employees of the Government while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff.

3. Jurisdiction founded upon the federal law is proper in that this action is premised upon federal causes of action under the Federal Tort Claims Act (hereafter "FTCA"), 28 U.S.C. § 2671, *et seq.*

4. Pursuant to the FTCA, 28 U.S.C. § 2671, *et seq.,* the Plaintiff presented his claim to the appropriate federal agency for administrative settlement under the FTCA requesting a demand for payment of his injuries. On or about July 15, 2024, Defendant denied the claim in writing by the U.S. Department of Homeland Security United State Secret Service. The denial was mailed to Plaintiff's attorney and this lawsuit was timely filed.

5. This action is timely pursuant to 28 U.S.C. § 2401(b) in that it was presented to the appropriate federal agency within two (2) years of accrual and this action was filed within six (6) months of receipt of the letter by the federal agency denying the claim.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 1391(c), as Defendant does business in this judicial district and the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

7. At all times material to this matter, Plaintiff, Daniel McCarthy, is an individual residing in San Francisco, California.

8. Defendant, United States of America, is subject to suit for personal injuries caused by the negligent acts of an employee of the Government while acting within the course and scope of their office of employment, under the circumstances where the Defendant, if a private person, would be liable to Plaintiff, pursuant to the FTCA.

9. At all At all times material to this matter, Defendant was a duty to protect the public and other vehicle drivers and is responsible for the hiring, supervising and instructing of the employees who drive Government vehicles in the city of San Francisco.

## FACTUAL ALLEGATIONS

10. On or about August 21, 2023, Plaintiff Daniel Mcarthy was driving his vehicle northbound on Divisadero Street and came to a stop at a stop sign on Marina Blvd. When it was his turn, Plaintiff went to make a left turn on Marina Blvd. and was struck by Defendant's employee Shane Homer who failed to make a complete stop at the stop sign.

11. The police arrived on the scene and took statements from both drivers and a witness and concluded that Defendant's employee Shane Homer was at fault for failing to stop at a posted stop sign in violation of CVC 27450.

12. Defendant has a duty to protect other drivers and it breached that duty by failing to hire, supervise and or instruct their employee's who drive Government vehicles including, but not limited to, stopping at stop signs at intersections.

13. Defendant is the proximate cause of the accident which injured Plaintiff and caused property damage.

...

14. Defendant is the owner of the vehicle which failed to stop at the posted stop sign and is liable for the negligent entrustment of the vehicle to Defendant's employee Shane Homer.

15. The Defendants Does 1-25 are liable to Plaintiff for other reasons and are unknown to Plaintiff at this time but will be named upon discovering their true identify.

16. Plaintiff hereby demands a jury trial.

### FIRST CAUSE OF ACTION
### NEGLIGENCE
### 28 U.S.C. §§ 2671-2680

17. Plaintiff hereby incorporates into the first cause of action paragraphs 1 through 16, inclusive of this Complaint.

18. Plaintiff was injured as a result of a motor vehicle accident at the intersection of Divisadero Street and Marina Blvd. in San Francisco, California.

19. The employee Shane Homer was acting in the course and scope of his official duties at the time of the accident.

20. The employee Shane Homer acted in a negligent manner and failed to stop at a stop sign causing a collision with Plaintiff.

21. Defendant's employee Shane Homer was the proximate cause of the accident.

### SECOND CAUSE OF ACTION
### Negligence Per Se
### 28 U.S.C. §§ 2671-2680

22. Plaintiff hereby incorporates into the third cause of action paragraphs 1 through 21, inclusive of this Complaint.

23. Defendants, and each of them, had a duty to comply with all applicable statute, regulations and rules concerning driving a vehicle in the city of San Francisco and employee violated CVC 27450.

- 4 -

24. Defendants, and each of them, had an opportunity and ability to control and supervise employee and to prevent the conduct and or harm. Defendants breached their duty by failing to comply with vehicle code. Plaintiff was within the class the statute was designed to protect.

25. As a result of such failure, Plaintiff was harmed in an amount to be determined at the time of trial in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Daniel McCarthy prays for judgment against Defendants, and each of them, as follows:

1. For general damages according to proof;

2. For special damages according to proof, including past and future medical expenses, rehabilitation, and related expenses, including interests, according to proof;

3. For an award of interest at the maximum allowable rate from the present date to the date of entry of judgment;

4. For any other further relief as the Court deems just and proper.

DATED: July 26, 2024

CALDWELL LAW FIRM

By: _____
John A. Holman
Attorney for Plaintiff